**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

AKO K. BURRELL,

Plaintiff, 9:23-cv-00821 (BKS/PJE)

v.

NAGLE, et al.,

Defendants.

---

**Appearances:**

*Plaintiff Pro Se:*
Ako K. Burrell
17-B-2994
Attica Correctional Facility
Box 149
Attica, NY 14011

*For Defendants:*
Letitia James
Attorney General of the State of New York
Aimee Cowan
Patrick Russell Blood
Assistant Attorney General
300 South State Street, Suite 300
Syracuse, New York 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiff pro se Ako K. Burrell commenced this 42 U.S.C. § 1983 action arising out of his incarceration at Mid-State Correctional Facility. (Dkt. No. 1). Plaintiff's Eighth Amendment

excessive force claims against Defendants S. Riley, Sergeant William Dundon,[1] Correction Officer Cole, and Correction Officer Nagle survived the Court's initial 28 U.S.C. § 1915(e) review. (*See* Dkt. Nos. 4, at 28-29; 104, at 1-2). On October 6, 2025, Defendants filed a motion for summary judgment. (Dkt. No. 84). On October 7, 2025, the Court mailed Plaintiff a notice informing him of the nature and consequences of summary judgment as required by *Vital v. Interfaith Medical Center*, 168 F.3d 615, 620–21 (2d Cir. 1999). (Dkt. No. 86, at 2). Plaintiff filed a response on November 3, 2025. (Dkt. No. 90). Defendants filed a reply on November 12, 2025. (Dkt. No. 92).[2]

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), this matter was referred to United States Magistrate Judge Paul J. Evangelista, who on July 31, 2026 issued a Report-Recommendation and Order recommending that the Court revoke Plaintiff's special status as a pro se litigant in this action, dismiss Defendant Cole sua sponte due to Plaintiff's failure to identify or serve this defendant, and grant Defendants' motion as to Plaintiff's Eighth Amendment excessive force claims against Defendant Nagle, Plaintiff's Eighth Amendment sexual assault claims against Dundon, and Plaintiff's Eighth Amendment sexual assault claim against Riley regarding an incident that allegedly occurred on May 25, 2023. (Dkt. No. 104, at 40-41). Magistrate Judge Evangelista recommended that the Court deny Defendants' motion as to Plaintiff's Eighth Amendment sexual assault claim against Riley regarding an incident that allegedly occurred on May 28, 2023. (*Id.* at 41). Plaintiff filed objections on August 11, 2026,

---

[1] Although Plaintiff refers to this Defendant as Dunden, the correct spelling of his name is Dundon, and the Clerk is respectfully requested to correct the docket. *See* Dkt. No. 84-25.

[2] Plaintiff also filed a surreply on November 24, 2025. (Dkt. No. 93). Although a surreply is not permitted under our local rules, and Plaintiff is cautioned to not file such documents in the future, the Court has also considered this submission.

and Defendant filed objections on August 14, 2026. (Dkt. Nos. 105, 106).[3] For the reasons that follow, the Report-Recommendation is adopted in its entirety.

## II. FACTS

At all relevant times, Plaintiff was incarcerated at Mid-State Correctional Facility. (Dkt. Nos. 1, at 2; 84-2, at 1). Plaintiff alleges that, on or about May 25 or 28, 2023, Defendant Riley sexually assaulted him in the infirmary, and that Defendant Nagle "deployed a whole cannister of O.C. spray in his face" later that evening. (Dkt. No. 1, at 5). Plaintiff also alleges that, on or about June 9, 2023, Dundon assaulted him in an interview room. (*Id.*).

The Court's initial review order and the Report-Recommendation contain detailed descriptions of the relevant events. (*See* Dkt. Nos. 4, at 5–9; 104, at 6–9). Accordingly, the Court assumes familiarity with the facts and discusses below only those necessary to explain its decision.

## III. STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the

[3] Neither party responded to the other party's objections, and the time to do so has passed.

magistrate's proposal[.]" *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Molefe*, 602 F. Supp. 2d at 487.

## IV. DISCUSSION

The Court has reviewed the Report-Recommendation applying the standard applicable to motions for summary judgment, that is whether Plaintiff has raised a genuine issue of material fact as to each of his claims. *See Vista Food Exch., Inc. v. Comercial De Alimentos Sanchez S De R L De C.V.*, 147 F.4th 73, 88 (2d Cir. 2025) ("A motion for summary judgment may properly be granted . . . only where there is no genuine issue of material fact to be tried, and the facts to which there is no such issue warrant the entry of judgment for the moving party as a matter of law.") (citation omitted)).

### A. Plaintiff's Objections

#### 1. Plaintiff's Pro Se Status

As a preliminary matter, one of Plaintiff's objections relates to Magistrate Judge Evangelista's recommendation that Plaintiff's pro se status be revoked. (*See* Dkt. No. 105, at 1). Plaintiff argues that this Court "never revoked" his pro se status in this matter. (*Id.*). However, this Court has revoked Plaintiff's pro se status in other actions he has filed in this district. *See Burrell v. Global Tel Link*, No. 24-cv-1377 (N.D.N.Y. Dec. 23, 2024), Dkt. No. 4, at 4-5 (noting that, "[o]ver the last nine years, [P]laintiff has filed twenty pro se civil rights actions in this District").[4] *See also Burrell v. Howard*, No. 23-cv-915 (N.D.N.Y. Sep. 7, 2023), Dkt. No. 6, at 6-

[4] The Court is mindful of the Second Circuit's instruction that, "[a]bsent a strong showing that a *pro se* litigant has acquired adequate experience more generally, so as to render special solicitude unnecessary and potentially inappropriate, a court would do well to limit the withdrawal of special status to specific contexts in which the litigant's experience indicates that he may be fairly deemed knowledgeable and experienced." *Sledge v. Kooi*, 564 F.3d 105, 109 (2d Cir. 2009). However, Plaintiff has acquired substantial experience responding to motions for summary

7 ("In this District, [P]laintiff has filed a plethora of motions and responses to motions including motions to proceed IFP, motions for preliminary injunctive relief, motions to amend, motions for extensions of time, motions for counsel, motions to compel discovery, motions for summary judgment, and responses to summary judgment motions."). This Court has previously concluded that Plaintiff "is an experienced litigator and undoubtedly familiar with court procedures." *See id.*, Dkt. No. 6, at 7. Plaintiff does not explain why this Court's previous determination should not apply here with equal force. Thus, the Court adopts Magistrate Judge Evangelista's recommendation that the Court hold Plaintiff to a standard more demanding than that expected of an ordinary pro se litigant.[5]

### 2. Molinero Affidavit

Plaintiff's objections cite to an "Exhibit B," which is a declaration from a "previous detainee/prisoner" at Mid-State named Michael Molinero. (Dkt. No. 105, at 2, 22). Mr. Molinero states, inter alia, that Mid-State "did not have a functioning grievance system," that Mr. Molinero witnessed Plaintiff "deposit grievances" and "report[ ] PREA to OMH Counselor Russell," and that Plaintiff "informed" Mr. Molinero about "the CORC appeal" "on or about July 10, 2023." (*Id.* at 23). Plaintiff argues that the Molinero affidavit "supports his objections." (*Id.* at 2).

---

judgment in this district. *See, e.g., Burrell v. Annucci*, No. 22-cv-701, 2024 WL 5506538, 2024 U.S. Dist. LEXIS 225764 (N.D.N.Y. Dec. 12, 2024), *report and recommendation adopted sub nom. Burrell v. Rushford*, No. 22-cv-0701, 2025 WL 899515, 2025 U.S. Dist. LEXIS 54696 (N.D.N.Y. Mar. 25, 2025), *aff'd,* No. 25-785, 2026 WL 2168298, 2026 U.S. App. LEXIS 22359 (2d Cir. July 28, 2026); *Burrell v. Maciol*, No. 19-cv-1629, 2021 WL 8084291, 2021 U.S. Dist. LEXIS 159182 (N.D.N.Y. Aug. 23, 2021), *report and recommendation adopted,* No. 19-cv-1629, 2022 WL 856878, 2022 U.S. Dist. LEXIS 52520 (N.D.N.Y. Mar. 23, 2022); *Burrell v. Nelson*, No. 22-cv-702, 2023 WL 4373288, 2023 U.S. Dist. LEXIS 102673 (N.D.N.Y. June 13, 2023), *report and recommendation adopted,* No. 22-cv-702, 2023 WL 4365298, 2023 U.S. Dist. LEXIS 115539 (N.D.N.Y. July 6, 2023).

[5] Moreover, Plaintiff contends that as a pro se litigant he is entitled to "the independent review of the record to find proof of factual dispute[.]" (Dkt. No. 105, at 1). But even if Plaintiff's pro se status were not revoked, Federal Rule 56 does not "impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute[.]" *See Prestopnik v. Whelan*, 253 F. Supp. 2d 369, 371 (N.D.N.Y.) (quoting *Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470–71 (2d Cir. 2002)), *aff'd,* 83 F. App'x 363 (2d Cir. 2003).

"A district court will ordinarily refuse to consider new arguments, evidence, or law that could have been, but was not, presented to the magistrate judge." *Kruger*, 976 F. Supp. 2d at 296. Here, the Molinero declaration is dated August 5, 2026—several days after Magistrate Judge Evangelista issued his Report-Recommendation. (*See* Dkt. No. 105, at 23). Clearly, this affidavit was not presented to Magistrate Judge Evangelista, and Plaintiff offers no explanation as to why the Court should consider it now. Moreover, the declaration's assertions are largely conclusory and made without personal knowledge. (*See id.* at 22-23).[6] As such, the Court will not consider the Molinero declaration in addressing Plaintiff's remaining objections. *See Henderson v. Popp*, No. 22-cv-0242, 2025 WL 1427876, at *2, 2025 U.S. Dist. LEXIS 94671, at *5 (N.D.N.Y. May 19, 2025) ("The submission of new evidence following such a Report is merited only in rare cases, where the party objecting to a Report has offered 'a most compelling reason' for the late production of such evidence, . . . or a 'compelling justification for its failure to present such evidence to the magistrate judge.'" (quoting *Fischer v. Forrest*, 286 F. Supp. 3d 590, 603 (S.D.N.Y. 2018), *aff'd*, 968 F. 3d 216 (2d Cir. 2020))).

**3. Exhaustion**

Plaintiff argues that the Report-Recommendation "fails to state that Plaintiff did not exhaust his administrative remedies as far as sexually assaulted claims in respects to Defendants Dundon, Riley and Nagle." (*Id.* at 1). In support of his objection, Plaintiff cites to "Exhibit A," which appears to be a list of his grievances filed between 2022 and 2024. (*See id.* at 7-20). Several grievances are circled or highlighted, but there is no explanation as to why. (*See id.*).

[6] The affidavit states that Mr. Molinero "witnessed Plaintiff deposit grievances, appears [sic] related to Nagle, after his return from Bldg. 114." (Dkt. No. 105, at 23). Mr. Molinero also avers he "witnessed C.O. Riley" at Mid-State "assault Plaintiff after his return[,]" and that "she entered the unit [and] instructed him not to repeat what happen[ed]." (*Id.* at 23). It is not clear what "Bldg. 114" references, nor does Mr. Molinero reference any dates with respect to these events. (*See id.*).

This objection is not "specific," nor is it "clearly aimed at particular findings" in Magistrate Judge Evangelista's Report-Recommendation. *See Machicote*, 2011 WL 3809920, at *2, 2011 U.S. Dist. LEXIS 95351, at *4.[7]

Plaintiff also appears to argue that he was not required to exhaust his administrative remedies because he presented "pure questions of law regarding which of DOCCS's directives or manuals applied or whether such written policies exceeded DOCCS's statutory authorization." (Dkt. No. 105, at 5). But Plaintiff does not explain how his Eighth Amendment excessive force claims—which do not require the Court to evaluate the applicability or legality of any DOCCS directives or policies—present pure questions of law.

Finally, Plaintiff argues that the Court "erred in law by not acknowledging the fact that plaintiff reported PREA and Grievances and requires an exhaustion hearing." (*Id.* at 2). But Plaintiff has not identified any disputed fact as to whether he exhausted his administrative remedies, so there is no reason for the Court to conduct an exhaustion hearing. (*See id.*).

### 4. Discovery Material

Plaintiff contends that he was "denied discovery material by the magistrate[.]" (*Id.* at 2). Magistrate Judge Evangelista considered and rejected this argument in his Report-Recommendation, "because the Court issued an initial discovery scheduling order, held four discovery conferences that Plaintiff attended, and extended the discovery deadline five times." (Dkt. No. 104, at 13 n.8). Plaintiff does not cite any evidence to the contrary. The Court agrees

[7] Magistrate Judge Evangelista observed that Plaintiff did not "refute the declarations of . . . IGP Director Seguin stating that plaintiff filed no grievances against Nagle at the Mid-State CF alleging excessive force on May 25, 2023, or May 28, 2023, or appealed any such grievance to CORC." (Dkt. No. 104, at 20 (citing Dkt. Nos. 84-19 at 2-3; 84-20; 84-21 at 2-3; 84-22). Plaintiff argues that "[t]he declarations of Rachel Seguin need no acknowledgment due to the fact that it's a blatant lie." (Dkt. No. 105, at 4). However, Plaintiff does not cite any record evidence to support this assertion, or to refute Magistrate Judge Evangelista's conclusion.

with Magistrate Judge Evangelista's conclusion that Plaintiff "had ample time to raise and seek to address any outstanding discovery issues." (*See id.*).

**5. Statement of Material Facts**

Plaintiff argues that the Court "abused its discretion not to liberally construe" his Statement of Material Facts. (Dkt. No. 105, at 2). Plaintiff filed a document titled "Statement of Disputed Facts in Opposition to Defendants Summary Judgment," which appears to contain the same copy-pasted response citing portions of deposition testimony for nearly every paragraph. (*See* generally Dkt. No. 90, at 5-34). As Magistrate Judge Evangelista observed, this District's Local Rules require "that a party opposing summary judgment file a response to the movant's Statement of Material Facts, 'admitting and/or denying each of the movant's assertions in a short and concise statement, in matching numbered paragraphs.'" (Dkt. No. 104, at 2 (quoting Local Rule 56.1(b))). The Court agrees with Magistrate Judge Evangelista's determination that Plaintiff's response did not comply with the local rules, because Plaintiff did not respond to Defendants' assertions.[8] As noted above, this Court has already found that Plaintiff is now an experienced litigant, and he is expected to follow this Court's rules. *See Howard*, Dkt. No. 6, at 7.[9]

**6. Mid-State's Grievance System**

Plaintiff asserts that Mid-State "did not have a grievance lockbox, as required by Directive 4040," and that Magistrate Judge Evangelista "erred by not considering proper 7 NYCRR 201 governs grievances SHU [sic]." (Dkt. No. 105, at 2). Plaintiff argues that "there is

---

[8] At most, Plaintiff cited certain exhibits after stating his denial, without identifying a page number or providing any explanation for the citation. (*See, e.g.,* Dkt. No. 90, at 8 (denying Defendants' paragraph 14 and citing to Exhibits L through P, except Plaintiff did not include an Exhibit P, and Exhibits L through O span more than 275 pages)).

[9] Accordingly, Plaintiff should note that this Court will reject future submissions that do not comply with this Court's local rules.

no genuine facts in dispute that at all relevant times, Mid[-S]tate did not have the required grievance program." (*Id.* at 6). Magistrate Judge Evangelista determined that there is "no genuine dispute that, at all relevant times, DOCCS had in place a three-step inmate grievance program[.]" (Dkt. No. 104, at 18). Plaintiff does not cite to anything in the Report-Recommendation, or to anything in the record, that would cause this Court to reach a different conclusion than the one reached by Magistrate Judge Evangelista.[10]

**B. Defendants' Objection**

Defendants object to Magistrate Judge Evangelista's recommendation that the Court deny Defendants' motion for summary judgment with respect to the sexual assault claim against Defendant Riley. (Dkt. No. 106, at 2). Defendants argue that the Court "should apply the exception recognized in *Jeffreys v. City of New York*, 426 F.3d 549 (2d Cir. 2005) relative to credibility assessments on summary judgment." (*Id.* at 2-3). Defendants contend that Plaintiff "relies almost exclusively on his own self-serving allegations and has offered no other corroborating evidence." (*Id.* at 4). Defendants further argue that Plaintiff's testimony was "incomplete" because Plaintiff "could not recall," inter alia, whether "any officer had sexual contact with him at Mid-State in May 2023," or "whether he is alleging sustaining any physical injuries as a result of an alleged sexual assault in May 2023." (*Id.* at 4-5).

Magistrate Judge Evangelista considered and rejected Defendants' argument that the *Jeffreys* exception should apply. (Dkt. No. 104, at 37-38). Magistrate Judge Evangelista reasoned that, "[a]lthough [P]laintiff testified that he could not recall the allegations raised in his complaint, [P]laintiff does not rely 'almost exclusively on his own testimony.'" (*Id.* at 38 n.17

[10] The Court notes that 7 NYCRR 201 appears to relate to visitation, and not to grievances. *See generally* N.Y. Comp. Codes R. & Regs. tit. 7, § 201.1.

(quoting *Jeffreys*, 426 F.3d at 554)). Magistrate Judge Evangelista noted that Plaintiff instead "relies predominately on the factual allegations raised in his complaint," (*id.*), and observed that the record "contains a copy of [P]laintiff's PREA complaint, dated May 31, 2023, documenting this allegation." (*id.* at 38 (citing Dkt. No. 84-13, at 8)). Magistrate Judge Evangelista concluded that, accepting Plaintiff's version of the facts as true, a reasonable trier of fact could find for Plaintiff. (*Id.*).

The Court agrees with Magistrate Judge Evangelista's conclusion that the *Jeffreys* exception is not applicable here. The *Jeffreys* exception does not excuse the moving party from meeting "the difficult burden of demonstrating that there is no evidence in the record upon which a reasonable factfinder could base a verdict in the plaintiff's favor." *See Arrindell-Martin v. Eiffe*, No. 18-cv-0780, 2024 WL 1180208, at *15, 2024 U.S. Dist. LEXIS 47898, at *32 (N.D.N.Y. Mar. 19, 2024). Here, the record contains a copy of Plaintiff's PREA complaint documenting Plaintiff's allegation. (*See* Dkt. No. 84-13, at 8). And, while Plaintiff repeatedly testified at his deposition that he could not recall the answers to many of Defendants' questions, (*see, e.g.,* Dkt. No. 84-7, at 39), Plaintiff also stated that his claims were "[a]s stated in the complaint." (Dkt. No. 84-7. At 55). Plaintiff further agreed that he was "alleging . . . psychological damages as a result of [the] alleged sexual assault by Officer Riley[.]" (*Id.* at 73).[11] The Court agrees that, accepting Plaintiff's version of the facts as true, a reasonable factfinder could conclude that Riley sexually assaulted Plaintiff on May 28, 2023.

[11] The Court notes that, while Plaintiff's Complaint was not verified, (*see* Dkt. No. 1), Plaintiff could testify at trial as to the allegations in the Complaint, s*ee Smith v. City of New York*, 697 F. App'x 88, 89 (2d Cir. 2017) ("[M]aterial relied on at summary judgment need not be admissible in the form presented to the district court. Rather, so long as the evidence in question 'will be presented in admissible form at trial,' it may be considered on summary judgment." (quoting *Santos v. Murdock*, 243 F.3d 681, 683 (2d Cir. 2001) (per curiam)).

The Court has reviewed the remaining portions of the Report-Recommendation for clear error, and found none. Accordingly, the Court adopts the Report-Recommendation in its entirety for the reasons stated therein.

## V. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Evangelista's Report-Recommendation (Dkt. No. 104) is **ADOPTED** in its entirety for the reasons stated therein; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 84) is **DENIED** as to Plaintiff's Eighth Amendment sexual assault claim against Defendant Riley regarding an incident that allegedly occurred on May 28, 2023; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 84) is otherwise **GRANTED** in its entirety; and it is further

**ORDERED** that Defendant Cole, C.O. is **DISMISSED** sua sponte from this action without prejudice, due to Plaintiff's failure to identify or serve this Defendant; and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 25, 2026
Syracuse, New York

Brenda K. Sannes
Brenda K. Sannes
Chief U.S. District Judge